# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2146

———————

Charles Pointer,            *
                                       *

         Appellant,        *

                                    *    Appeal from the United States
      v.                           *    District Court for the Eastern
                                      *    District of Missouri

Building Stars Advantage,    *

                                      *    [Unpublished]
         Appellee.         *

———————

Submitted: November 30, 2004
Filed: December 14, 2004

———————

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Charles Pointer appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri, granting summary judgment to defendant Buildingstars/St. Louis, Inc. (Buildingstars) in his 42 U.S.C. § 1981 action. Pointer claimed Buildingstars denied him a business franchise because of his sex and race. For reversal Pointer argues the district court erred in granting summary judgment because he was not allowed time for discovery, Buildingstars failed to prove he

———————

[1]The Honorable Henry E. Autrey, United States District Court for the Eastern District of Missouri.

would be an unsuccessful franchisee, and Buildingstars violated franchise and other law.

After careful review, see Kincaid v. City of Omaha, 378 F.3d 799, 803-04 (8th Cir. 2004), we conclude for the following reasons that summary judgment was proper. First, Pointer did not request additional discovery time or submit a Fed. R. Civ. P. 56(f) affidavit. Second, § 1981 does not apply to sex discrimination. See Runyon v. McCreary, 427 U.S. 160, 167 (1976). Third, even if Pointer had the minimum qualifications for a franchisee, he did not show that the franchise denial was motivated by racial discrimination. See Ruiz v. A.B. Chance Co., 234 F.3d 654, 671 (Fed. Cir. 2000). Finally, Pointer did not show a violation of law.

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.
_____